CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUL 15 2010

JOHN F. CORCORAN, CLERK
BY: /s/ H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| BILLY CARROLL ANDERSON, | ) |
| | ) Civil Action No. 4:10cv004 |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| TOWN OF SOUTH BOSTON, | ) By: Hon. Michael F. Urbanski |
| | ) United States Magistrate Judge |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on plaintiff Billy Carroll Anderson's ("Anderson") Motion to Compel Rule 56(f) Depositions. (Dkt. # 10.) Anderson brought suit against the Town of South Boston ("the Town") alleging a violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. On May 3, 2010, the Town simultaneously filed an Answer and Motion for Summary Judgment, along with an affidavit of Town Manager Terry A. Daniel ("Daniel") and accompanying exhibits, asserting that Anderson could not meet the elements of a prima facie age discrimination case. On May 16, 2010, Anderson filed a pleading styled Objection to Motion for Summary Judgment, Motion to Take Under Advisement Motion for Summary Judgment as Premature, and Motion to Compel Deposition Under Rule 56(f) [hereinafter, "May 16 Objection"]. Because the motion contains a discovery issue and all pretrial discovery issues have been referred to the undersigned, it was docketed separately as a Motion to Compel Rule 56(f) Depositions. (Dkt. #10.) In his motion, Anderson moves to compel the deposition of Daniel, arguing defendant's summary judgment motion is premature and discovery is needed to "investigate the unsupported allegations of Daniel's Affidavit." Mot. to Compel (Dkt. #10) at 7.

On May 17, 2010, the district court entered an Order granting Anderson's motion to take the summary judgment motion under advisement pending the conclusion of discovery [hereinafter "May 17 Order"]. On May 26, 2010, defendant filed an Objection to Plaintiff's Motion to Compel Deposition Under Rule 56(f), and the matter was argued that day. Plaintiff sought an opportunity to address the legal arguments raised by defendant at the hearing, and briefs by each side were subsequently filed. Anderson filed a Rule 56(f) affidavit of his counsel, Melvin Williams, as an exhibit to his supplemental brief.

The discovery issue having been fully briefed and argued by the parties, it is now ripe for disposition.

## I.

The Town first argues that Anderson's motion is procedurally flawed for failure to comply with the affidavit requirement of Federal Rule of Civil Procedure 56(f). Because Anderson's response to the summary judgment motion did not contain a Rule 56(f) affidavit,[1] the Town asserts that the court should deny Anderson's request for discovery. For its part, Anderson argues that its May 16 Objection serves the purpose of a Rule 56(f) affidavit. Additionally, Anderson claims that the district court has rejected the Town's argument sub silentio by its May 17 Order taking the summary judgment motion under advisement pending completion of discovery. However, this issue was not framed for the court at the time of its May 17 Order, and the Order does not deal with the requirement of an affidavit under Rule 56(f).

Generally, "summary judgment is appropriate only after 'adequate time for discovery.'" Evans v. Tech. Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). If the nonmoving party believes that "it [can]not

---

[1] Anderson did not file a Rule 56(f) affidavit until he submitted his supplemental brief following the hearing on the motion to compel.

2

properly oppose a motion for summary judgment without a chance to conduct discovery," it must so advise the court by filing an affidavit pursuant to Rule 56(f). Id. at 961. Rule 56(f) provides that "[i]f a party opposing a motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order." Fed. R. Civ. P. 56(f). The Fourth Circuit has warned that it places "great weight on the Rule 56(f) affidavit" and that a party's assertion in a brief that discovery is necessary will not suffice. Evans, 80 F.3d at 961. Indeed, "'the failure to file an affidavit under Rule 56(f) is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.'" Id. at 961 (quoting Paddington Partners v. Bouchard, 34 F.3d 1132, 1137 (2d Cir. 1994)).

However, the Rule 56(f) affidavit requirement is not absolute. "[C]ourts have not always insisted on a Rule 56(f) affidavit if the nonmoving party has adequately informed the district court that the motion is pre-mature and that more discovery is necessary." Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002). When the nonmoving party fails to record its objections in affidavit form but the objections serve as "the functional equivalent of an affidavit," and the nonmoving party has not been lax in taking discovery, the Fourth Circuit has stated that it may consider whether a district court's grant of summary judgment was premature. Id. at 245; accord Sutton v. Roth, L.L.C., 361 F. App'x 543, 549 (4th Cir. 2010) (finding plaintiff's memorandum in opposition to summary judgment effectively served as a Rule 56(f) affidavit); see also Flattery v. Southwest Va. Fertility Ctr., No. 7:08cv00256, 2009 WL 49995, at *2 (W.D. Va. Jan. 7, 2009) (holding no Rule 56(f) affidavit was required under the circumstances, as plaintiff's memorandum in opposition to defendant's motion for summary

judgment adequately fulfills the purpose of Rule 56(f) by putting the court on notice as to why the motion is premature); Thomas v. Cingular Wireless LLC, No. 3:05cv495, 2008 WL 901114, at *2 (W.D.N.C. Mar. 31, 2008) (holding plaintiff was not lax in pursuing discovery and his motion filed pursuant to Rule 56(f) was functional equivalent of affidavit and reasonably specified the discovery sought); Investors Title Ins. Co. v. Bair, 232 F.R.D. 254, 257 (D.S.C. 2005) (finding opposition to motion for summary judgment and motion to defer summary judgment until further discovery is taken serve the same purpose as a Rule 56(f) affidavit).

Anderson asserts that discovery should not be denied as a result of his failure to file an affidavit, arguing his May 16 Objection is the functional equivalent of a Rule 56(f) affidavit, that he has not been dilatory in taking discovery, and that his objections adequately inform the district court of the nature of the discovery sought. The undersigned agrees. The Town filed its motion for summary judgment at the earliest possible moment, at the same time it filed an answer to Anderson's complaint. It cannot be said that plaintiff has been dilatory in taking discovery. While Anderson's May 16 Objection is not in affidavit form, it puts the court on notice that summary judgment is premature and that more discovery is needed for plaintiff to respond to the summary judgment motion.

Indeed, the day after Anderson filed his May 16 Objection, the district court entered the May 17 Order taking the Town's summary judgment motion under advisement "pending the conclusion of discovery." (Dkt. #13.). This functions as an order pursuant to Rule 56(f)(2), which allows the court to order a continuance for discovery upon a showing that the nonmoving party cannot present facts essential to justify its opposition to the motion for summary judgment. Fed. R. Civ. P. 56(f)(2). Although the May 17 Order does not mention Rule 56(f)'s affidavit requirement, the district court plainly determined that the circumstances of this case justify a

continuance for discovery pursuant to Rule 56(f)(2). Accordingly, the undersigned declines to deny plaintiff's request for discovery simply because Anderson's May 16 Objection was not in Rule 56(f) affidavit form.

## II.

The next issue is what discovery, if any, should be allowed at this point. Rule 56(f) permits a continuance for discovery that is essential to the nonmoving party's opposition to summary judgment. Strag v. Bd. of Trustees, Craven Comm. Coll., 55 F.3d 943, 953 (4th Cir. 1995). The information sought through discovery must "establish genuine issues of material fact relevant to the motion [that] would preclude the entry of summary judgment." Liverpool v. O'Brien, No. 2:08cv00067, 2009 WL 3734122, at *6 (W.D. Va. Nov. 3, 2009).

The Town argues that it should not be put to the cost and burden of any discovery in this case because Anderson cannot meet two elements of a prima facie case of age discrimination and "no amount of discovery will change either of these facts." Def.'s Br. in Support of its Objection to Pl.'s Mot. to Compel Dep. Under Rule 56(f) (Dkt. # 19) at 6. To make out a prima facie case of age discrimination under the burden-shifting framework,[2] Anderson must show that: (1) he is a member of a protected class; (2) he suffered adverse employment action; (3) he was qualified for the job and was performing his job duties at a level that met his employer's legitimate expectations at the time of the adverse employment action; and (4) he was replaced by a substantially younger individual with comparable qualifications. See Warch v. Ohio Cas. Ins. Co., 435 F.3d 510 (4th Cir. 2006); Hill v. Lockheed Martin Logistics Mgmt, Inc., 354 F.3d 277, 285 (4th Cir. 2004); see also O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 313 (1996)

---

[2] The Town argues in its summary judgment brief that Anderson has not alleged or produced any direct evidence that age discrimination motivated any employment decision. Def.'s Br. in Support of Mot. Summ. J. (Dkt. #5) at 5. Without direct evidence of discrimination, the court examines claims of age discrimination under the burden-shifting framework identified in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973). See Hill v. Lockheed Martin Logistics Mgmt, Inc., 354 F.3d 277, 284 (4th Cir. 2004).

5

(holding, with respect to the fourth element in age discrimination cases, "the fact that a replacement is substantially younger than the plaintiff is a far more reliable indicator of age discrimination than is the fact that the plaintiff was replaced by someone outside the protected class."). After the plaintiff establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for the employment action and if that burden is met, the plaintiff must prove that the employer's stated reasons were pretext for discrimination. Hill, 354 F.3d at 285.

The Town asserts that Anderson cannot establish a prima facie case of age discrimination, as there is no issue of fact with respect to elements (3) and (4), and therefore, discovery is futile. Specifically, the Town claims that the affidavit of Terry Daniel establishes that Anderson did not perform his job at a level that met the Town's expectations and that the person who replaced him was only six and a quarter years younger. The Town argues that any discovery regarding pretext is irrelevant at this point because Anderson cannot meet his burden of establishing a prima facie case of discrimination. Def.'s Br. in Support of its Objection to Pl.'s Mot. to Compel Dep. Under Rule 56(f) (Dkt. # 19) at 6.

The undersigned cannot agree. Daniel's affidavit states that Anderson, then superintendent of the Town's Wastewater Treatment Plant, was terminated because of poor performance associated with a number of discharge and reporting violations cited by the Virginia Department of Environmental Quality ("DEQ"). Aff. of Terry Daniel (Dkt. #5) at ¶ 11. Specifically, the Town asserts that as a result of the DEQ violations, which occurred "either under Anderson's supervision or as a direct result of Anderson's action or inaction," the Town had to take corrective action and pay a civil penalty. Aff. of Terry Daniel (Dkt. #5) at ¶ 17. Anderson disputes the Town's representations as to his performance and, in his complaint,

6

asserts that for the thirty years he was employed by the Town, he was a "good and productive employee." Compl. (Dkt. #1) at ¶ 9. Anderson argues he needs to take discovery on the issue of "the propriety of defendant's purported basis for terminating plaintiff's employment, and whether the stated reason was mere pretext, including obtaining documents from the Virginia Department of Environmental Quality concerning the context, nature and seriousness of the violations cited in Daniel's affidavit and otherwise." Rule 56(f) Aff. of Melvin E. Williams (Dkt. # 17) at ¶ 24. Anderson should be allowed to engage in discovery with respect to the DEQ violations and his role in the events leading up to those violations, the alleged deterioration in his level of performance, and the reasons for his discharge.

The Town also argues that no amount of discovery can change the fact that Anderson's replacement was only six and a quarter years younger than him, which is not "substantially younger." See O'Connor, 517 U.S. at 313. What the Town's argument fails to acknowledge, however, is that plaintiff can prove his case through direct evidence of discrimination, rather than having to establish a prima facie case under the burden-shifting framework of McDonnell Douglas and its progeny. See Hill, 354 F.3d at 284 (plaintiff may establish age discrimination by demonstrating through direct or circumstantial evidence that age discrimination motivated the employer's adverse employment decision).

In its summary judgment brief, the Town cites a number of cases from various circuits standing for the proposition that the substantially younger element is not met when the difference in age of the replacement is six years. Def.'s Br. in Support of Mot. for Summ. J. (Dkt. #5) at 9-10. Unlike this case, in the cases cited by the Town, plaintiff was given the opportunity to take discovery to see whether any direct evidence of age discrimination could be developed. See, e.g., Cramer v. Intelidata Tech. Corp., 168 F.3d 481 (4th Cir. 1998) (unpublished table opinion)

(noting that the summary judgment motion was filed "[a]fter significant discovery."); DeBord v. Wash. Co. Sch. Bd., 340 F. Supp. 2d 710, 712 (W.D. Va. 2004) (noting the court considered excerpts of ten depositions in rendering its decision); Kitchen v. Burlington Northern & Santa Fe R. Co., 298 F. Supp. 2d 1193, 1195, 1199 (D. Kan. 2004) (making clear that the summary judgment record it relied upon was made up of deposition testimony and other information obtained through discovery). The cases defendant cites hold that in the absence of such direct evidence, an age disparity in the six year range is insufficient to create a jury issue on age discrimination. See, e.g., Grosjean v. First Energy Corp., 349 F.3d 332, 340 (6th Cir. 2003) (holding plaintiff presented no direct evidence that employer considered age to be significant, and in the absence of such evidence, plaintiff cannot establish a prima facie case of age discrimination where the age difference is six years or less); Hartley v. Wisc. Bell, Inc., 124 F.3d 887, 893 (7th Cir. 1997) (noting that "plaintiff may still present a triable claim if she directs the court to evidence that her employer considered her age to be significant. In that instance, the issue of age disparity would be less relevant. Indeed, it may not be relevant at all because the employee's case likely would be one of direct evidence, not the burden-shifting indirect evidence framework set out in McDonnell Douglas...."); Schiltz v. Burlington Northern R.R., 115 F.3d 1407, 1411 (8th Cir. 1997) (plaintiff did not present sufficient direct evidence of discrimination and finding plaintiff did not meet burden of proving prima facie case of discrimination because largest age disparity between plaintiff and individuals hired was 5 years). These cases do not suggest that discovery on the issue of whether the plaintiff was terminated on account of advanced age should be precluded simply because his or her replacement was less than ten years younger. While the Town baldly asserts "there is no direct evidence that the Town took any adverse employment action against Anderson based upon his age," Def.'s Br. in Support of Mot.

for Summ. J. (Dkt. #5) at 5, plaintiff has had no opportunity to discover whether there is direct evidence of discrimination.

Additionally, on brief, the Town claims that "Plaintiff's argument that summary judgment is inappropriate prior to discovery in all discrimination cases because intent is at issue is misguided." Def.'s Br. in Support of its Objection to Pl.'s Mot. to Compel Dep. Under Rule 56(f) (Dkt. # 19) at 6. But Plaintiff is not arguing that summary judgment must always be denied in cases involving intent. Rather, plaintiff asserts in its May 16 Objection that a court must exercise caution in granting summary judgment when the disposition turns on determination of intent. See Morrison v. Nissan Co., Ltd., 601 F.2d 139, 141 (4th Cir. 1979) ("[W]hen the disposition of a case turns on a determination of intent, courts must be especially cautious in granting summary judgment, since the resolution of that issue depends so much on the credibility of the witnesses, which can best be determined by the trier of facts after observation of the demeanor of the witnesses during direct and cross-examination."). The Town correctly asserts that summary judgment standards apply even when defendant's motive or intent is at issue. However, the cases advanced by the Town on this point do not support its ultimate argument that discovery would be pointless in this case. See Def.'s Br. in Support of its Objection to Pl.'s Mot. to Compel Dep. Under Rule 56(f) (Dkt. # 19) at 6. For example, defendant points to a passage in Karpel v. Inova Health System Services, Inc., No. 96-347-A, 1997 WL 38137, at *1 (E.D. Va. Jan. 27, 1997), which states that judges have an affirmative obligation to prevent factually unsupported claims from proceeding to trial even in discrimination cases where intent is at issue. The district court in Karpel relied on the Fourth Circuit's opinion in Goldberg v. B. Green & Co., Inc., 836, F.2d 845, 848 (4th Cir. 1988), in which the court noted, "Goldberg has failed, after having been *afforded full discovery*, to produce *any* evidence of age discrimination. . . .

9

Conclusory assertions that Green's state of mind and motivation are in dispute are not enough to withstand summary judgment." 836 F.2d at 848 (first emphasis added) (internal citations omitted). It does not follow from these cases, as the Town suggests, that it is appropriate to deny plaintiff's discovery requests "even though this case involves a claim of employment discrimination," involving motive or intent. Def.'s Br. in Support of its Objection to Pl.'s Mot. to Compel Dep. Under Rule 56(f) (Dkt. # 19) at 6-7. Anderson should be allowed to conduct discovery on the question of whether he was terminated because of his age.

The Town also compares this case to <u>Dachman v. Shalala</u>, 9 F. App'x 186, 192-93 (4th Cir. 2001), in which the Fourth Circuit affirmed the district court's decision not to allow plaintiff additional discovery, despite plaintiff's claims that she needed to depose her supervisors because their depositions may provide critical information regarding motives, facts, and disputes of facts. The Fourth Circuit held that plaintiff "could not produce any evidence to refute her supervisor's detailed explanation for her termination," and thus the district court did not abuse its discretion by denying plaintiff's request for additional discovery. Contrary to the Town's assertions, this case is not like <u>Dachman</u>. In <u>Dachman</u>, the record was replete with evidence of plaintiff's insubordination, unacceptable behavior, and attendance violations, including detailed memoranda from her supervisors documenting her unsatisfactory behavior.[3] <u>Id.</u> at 189-90. This overwhelming evidence led the court to find that plaintiff could not establish that she was performing her job satisfactorily, and even if she could, evidence proved that her employer had a legitimate, nondiscriminatory reason for her termination. <u>Id.</u> at 190. Indeed, plaintiff in <u>Dachman</u> conceded she engaged in the unacceptable behavior cited by her employer. <u>Id.</u> at 190. The very thin record in the instant case does not contain extensive documentation of

---

[3] It is also worth noting that in <u>Dachman</u>, the Fourth Circuit refers to what appears to be an extensive 350 page record with at least one reference to testimony from plaintiff, presumably in a deposition, which suggests at least some discovery was conducted in the case.

insubordination or failure to meet the Town's legitimate expectations in terms of job performance. At best, Daniel asserts in his affidavit that DEQ violations were directly attributable to Anderson's performance and attaches as an exhibit a letter to Anderson dated August 15, 2007, with the stated purpose of providing "counseling on your job performance and behavior, and explain[ing] to you why you have been permanently reassigned as a special assistant to the Director of Public Works." Aff. of Terry Daniel (Dkt. #5) at Ex. H. The letter acknowledges that at least some of the discharge violations are attributable to other factors. It does not explain how Anderson's "unprofessional performance . . . resulted in the actions taken against the Town's wastewater treatment system." Aff. of Terry Daniel (Dkt. #5) at Ex. H ¶ 4-5. The record in this case does not contain the overwhelming evidence of unsatisfactory performance the court had before it in Dachman. Dachman simply does not support a denial of discovery in this case.

For these reasons, Anderson's Motion to Compel the Deposition of Terry A. Daniel (Dkt. #10) is **GRANTED**. Anderson may engage in any discovery directed to the issues of (1) whether he met the Town's legitimate expectations; and (2) whether his age played a role in his termination.

>Entered: July 14, 2010.
>
>/s/ Michael F. Urbanski
>Michael F. Urbanski
>United States Magistrate Judge